| | |
|---|---|
| MARESSE GRAVES, # 380398 ) | |
| ) | |
| v. ) | NO. 2:12-cv-238 |
| ) | Chief Judge Curtis L. Collier |
| DERRICK SCHOFIELD, TDOC Comm'r; ) | |
| DAVID SEXTON, Warden of NECC; ) | |
| VICKI FREEMAN, Assistant Warden of ) | |
| NECC; FREDDIE ROARK, Former STG ) | |
| Coordinator/Current Head Supervisor of ) | |
| CERT at NECC; MICHAEL BEAN, STG ) | |
| Coordinator Assistant at NECC; F/N/U ) | |
| HAYWORTH, Classification Coordinator at ) | |
| NECC; JON SHELTON, Counselor at ) | |
| NECC; ELAINE CARDEN, Counselor at ) | |
| NECC; MIKE SMITH, Unit Manager at ) | |
| NECC; MIKE PHILLIPS, STG Program ) | |
| Counselor at NECC; CRAIG JULIAN, ) | |
| Internal Affairs Coordinator/Investigative ) | |
| Officer; RANDAL LEWIS, STG Program ) | |
| Counselor at STSRCF; UNKNOWN ) | |
| ASSISTANT WARDEN OF OPERATIONS ) | |
| at STSRCF; ERNEST KERLEY, Internal ) | |
| Affairs Coordinator/Investigative Officer at ) | |
| at STSRCF; UNKNOWN CLASSIFICATION ) | |
| COORDINATOR at STSRCF; SANDY ) | |
| HALL, Unit Mgr. and Former Acting Warden ) | |
| at RMSI; DR. F/N/U COLEMAN, Dentist at ) | |
| RMSI; BILL SMITH, Classification ) | |
| Coordinator at RMSI; UNKNOWN DENTIST ) | |
| at NECC; and F/N/U KILLINGSWORTH, ) | |
| Guard at SCCF ) | |

**MEMORANDUM and O R D E R**

Acting *pro se*, Maresse Graves, a state prisoner confined in the Northeast Correctional Complex, (hereinafter "NECX", not "NECC," as Plaintiff's caption indicates) has submitted this civil rights action pursuant to 42 U.S.C. § 1983. It appears from Plaintiff's motion to proceed *in forma pauperis* he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00, (Court File No. 1). *See* 28 U.S.C. § 1914(a). Nonetheless, because Plaintiff is a prisoner, he is **ASSESSED** the civil filing fee, which shall be paid on an installment basis. 28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Accordingly, the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2). All payments should be mailed to: Clerk, USDC; 220 W. Depot Street, Suite 200; Greeneville, TN 37743.

The Clerk is **DIRECTED** to mail a copy of this order to the custodian of inmate trust accounts wherein plaintiff is confined and to Derrick Schofield, Commissioner of the Tennessee Department of Correction, to ensure compliance with the fee assessment and collection procedures outlined above.

Typically, the next step the Court would take would be to review the complaint to determine whether it states a claim entitling Plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. However, for the reasons which follow, the screening process cannot be performed at this time.

The complaint is lengthy—it contains seventy-three handwritten pages, including a 5-page section seeking various forms of relief —and it is convoluted. There are also more than 100 pages of attachments, the relevance of which, at first glance, is difficult to discern. The complaint encompasses incidents and various types of conduct spanning four years (2008 - 2012), allegedly engaged in by numerous individual defendant officers, medical personnel, and officials from at least four different prisons and the Tennessee Department of Correction itself.

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." One purpose of this rule is to enable a defendant to reasonably respond to the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence and Coord. Unit*, 507 U.S. 163, 168 (1993) (citations and quotation marks omitted) (purpose of requiring clear and plain statement is to "give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests").

Rule 20 of the Federal Rules of Civil Procedure permits the joinder of defendants only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or

occurrences; and any question of law or fact common to all defendants will arise in the action." Rule 20(a)(2)(A) & (B) (emphasis added). Rule 20, however, does not permit the joinder of unrelated claims and defendants in one lawsuit. *George v. Smith*, 507 F.3d 605 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fee–for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may field without prepayment of the required fees.").

This Court is well aware that the plaintiff is proceeding *pro se* and may be unfamiliar with the intricacies of the legal system. Nevertheless, he must comply with the federal procedural rules. Plaintiff has drafted his complaint in disregard of the principle that he should specify each claim for relief, should concisely set forth the supporting facts, specify the defendant(s) who were involved in the purported wrongdoing. Also, he has not complied with the Local Rule which establishes a twenty-five (25) page limit on such filings. *See* LR 7.1(b). This fact alone calls for plaintiff to amend his pleading. The type of pleading plaintiff has submitted is unacceptable and places "an intolerable toll on the [C]ourt's docket, leads to unnecessary . . . discovery, and impose[s] unwarranted expense on the litigants, the [C]ourt, and the [C]ourt's . . . personnel and resources." *Cramer v. State of Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997). Moreover, the string of events and conduct asserted as wrongdoing did not arise out of the "same transaction, occurrence, or series of transactions or occurrences" and there is no question of law or fact common to all defendants. It is clear the complaint which has been submitted does not comply with the dictates of Rules 8 or 20.

Accordingly, because the plaintiff has failed to comply with the requirements described above, he is **ORDERED** to amend his complaint by:

1) completing and submitting the § 1983 complaint form, which is attached for his convenience. The complaint is to contain "a short and plain statement showing [he] is entitled to relief,"[1] each identified claim is to be supplemented with concise, specific factual support, and the assertions set forth must likewise conform to the joinder rule, and

2) the § 1983 complaint and any accompanying brief must be limited to twenty-five (25) pages. The Court advises Plaintiff that it is well aware of the liberality with which *pro se* complaints are to be viewed; thus, if he submits a pleading which conforms with Rule 8's and 20's requirements, that pleading will be broadly construed.

Plaintiff will be allowed twenty (20) days from the date of entry of this order, within which to comply with it. Plaintiff's failure fully to abide by the dictates of this order in a timely manner will result in the dismissal of this case under Fed. R. Civ. P. 41(b).

**ENTER**:

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff should not refer to the initial complaint when making out claims in his amended complaint, though he need not relist each individual defendant in the caption.